HAINES *v.* HAINES.

1. APPEAL AND ERROR—TRIAL WITHOUT JURY—REVIEW OF EVIDENCE.
   On appeal from judgment in assumpsit for plaintiff, entered by trial court sitting without a jury, where reversal is sought because court's findings of fact are alleged to be against the clear preponderance of the evidence, the Supreme Court is called upon to review the evidence.

2. Parent and Child—Father's Agreement to Support—Question of Fact.

> In action of assumpsit to recover for charges and expenses of keeping defendant's infant son during and subsequent to his wife's fatal illness, evidence *held,* to present a question of fact as to whether defendant expressly agreed to pay for the child's care and maintenance to plaintiff who was the child's maternal aunt and who subsequently adopted the child.

3. Appeal and Error—Findings of Court on Questions of Fact—Preponderance of Evidence.

> Findings of trial court on questions of fact will be sustained on appeal unless contrary to the clear preponderance of evidence.

4. Parent and Child—Father's Agreement for Support—Finding of Court.

> Finding of trial court in action of assumpsit that defendant, father of child for whose care and maintenance plaintiff sought to recover, expressly agreed to pay for such charges and expenses *held,* not against the preponderance of the evidence.

5. Appeal and Error—Trial Without Jury—Credibility of Witnesses—Weight of Evidence.

> In law case tried without a jury brought to recover charges and expenses of keeping defendant's infant son, credibility of plaintiff's testimony and weight to be given it *held,* for determination of trial court.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 11, 1938. (Docket No. 84, Calendar No. 39,842.)   Decided February 25, 1938.

Assumpsit by Clara Haines against Paul S. Haines to recover sums due for the care of a minor child. Judgment for plaintiff. Defendant appeals. Affirmed.

*Jacob F. Fahrner* and *Andrew J. Sawyer,* for plaintiff.

*Hooper & Hooper,* for defendant.

McALLISTER, J. Plaintiff brings this action against defendant to recover for charges and expenses incurred by her in connection with the care and maintenance of defendant's infant son, Richard. The case was tried before the court without a jury and, upon the trial, the court found that there was an express contract on the part of the defendant to pay plaintiff for the care and support of the child, and determined that the sum of $1,621.01, the amount claimed by plaintiff, was fair and reasonable, and accordingly entered judgment for her in that amount.

Defendant appeals, claiming that the court's findings are against the clear preponderance of the evidence and that the evidence clearly shows that defendant never expressly agreed to pay plaintiff for such care and maintenance. We are, therefore, called upon to review the evidence.

In September, 1925, defendant's wife, Irma, was dangerously ill. She had just undergone an operation for cancer. Their infant son was two and one-half years old and the mother was unable to take care of him. Plaintiff was the sister of defendant's wife. Plaintiff testified that when her sister came back from the hospital after the operation in September, 1925, she had a conversation with defendant.

She states, that defendant "asked me to care for Dick and he told me he would be willing to pay for him. * * *

"*Q.* He asked you to take care of the baby?
"*A.* Yes.
"*Q.* And said he would pay you for doing it?
"*A.* Certainly."

Bessie Stoutenburg, a sister of the plaintiff, testified that while the mother of the child was in the

hospital, Paul Haines, the defendant, came into plaintiff's kitchen and said: "Clara, will you take care of Dicky until I can make other arrangements and I will pay you."

Defendant claims that he never requested that plaintiff take the child; that she simply took him, without ever asking plaintiff's permission. There is no evidence that he ever made any objection. He testified that six months after his wife's operation, and when they all knew that she could not live much longer, his wife called him in and told him that she wanted it understood that plaintiff was to take the baby and bring him up, and that he acquiesced in his wife's wishes.

In his testimony defendant says that plaintiff and her husband understood that if the child needed anything he would furnish it, and that whenever they requested anything for the child defendant would send the money to them. On June 1, 1931, plaintiff wrote defendant stating that circumstances made it necessary to have a regular stipulated amount for the child's care; but defendant refused to enter into any such agreement, and told her that if plaintiff wanted him to start paying for the child's keep he would take him somewhere else. There had been some discussion between the parties that plaintiff and her husband would adopt the child, and finally on June 9, 1931, they petitioned the probate court for adoption, to which defendant consented.

The foregoing evidence and circumstances made the question of whether defendant expressly agreed to pay for the care and maintenance of his child a question of fact. In such cases the rule is that unless the findings of the court are contrary to the clear preponderance of evidence they will be sustained on appeal. In this case two witnesses testified that de-

fendant had expressly agreed to pay plaintiff for the care and maintenance of his infant child. There is nothing which is inherently improbable or incredible about such an agreement. On the contrary, it would be a natural thing for a father to agree to be responsible for his baby's maintenance during the fatal illness of his wife and after her death. Presumably, he could not take care of the infant himself. He might, of course, have arranged to place the child with some other members of his family without the necessity of paying for his maintenance; and he may have refused to agree to pay such expenses. But these are questions of fact. We do not think that the findings of the trial court are against the preponderance of the evidence. In reviewing law cases tried without a jury, we are not bound by the findings of fact made by the trial court, but consider the record as a whole. *Burchard* v. *Otis Elevator Co.,* 261 Mich. 142. Our review of the testimony satisfies us that it sustains the holding of the trial judge. *Jacoby* v. *Schafsnitz,* 270 Mich. 515.

Other questions raised by defendant only bear upon the credibility of plaintiff's testimony, or the weight to be given it, which was for the determination of the trial court. *Mayer* v. *Railway Co.,* 152 Mich. 276.

We find no error. Judgment affirmed, with costs to plaintiff.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.