## FEDORINCHIK v. STEWART.

1. JURY—MUTUAL AUTOMOBILE INSURANCE COMPANY.

   In automobile accident case defended by mutual automobile insurance company in which defendant was insured, trial court's denial of plaintiff's request on *voir dire* examination of jurors to have inquiry made of each juror as to whether he or she was insured in a mutual automobile insurance company and if so in what company and also whether an immediate member of any juror's family was engaged by an insurance company *held*, error.

2. SAME—VOIR DIRE—CHALLENGES.

   To have a fair trial a litigant must be given a reasonable opportunity to ascertain on the *voir dire* whether any of the jurors summoned are subject to being challenged for cause or even peremptorily.

3. SAME—VOIR DIRE EXAMINATION BY TRIAL JUDGE—SCOPE.

   When a circuit judge conducts *voir dire* examination of jurors pursuant to court rule it must not be so limited as to exclude a showing of facts that would constitute ground for challenging for cause or the reasonable exercise of peremptory challenges (Court Rule No. 37, § 1 [1933]).

4. SAME—MEMBERS OF MUTUAL INSURANCE COMPANY—DISQUALIFIED.

   Members of a mutual insurance company liable to be assessed to pay losses incurred by the company are disqualified from serving as jurors in an action to which it is a party; or in which it is interested.

5. SAME—WAIVER OF EXCEPTION TO REFUSAL TO EXAMINE ON VOIR DIRE.

   In automobile accident case in which trial court refused to permit examination of jurors on *voir dire* to ascertain whether any jurors were members of a mutual insurance company and if so what company and also whether an immediate member

of any juror's family was engaged by an insurance company, objection to such refusal was not waived by thereafter announcing he was satisfied with jury, where there was no intimation that further examination was not requested in good faith.

Appeal from Wayne; Ferguson (Homer), J. Submitted April 11, 1939. (Docket No. 64, Calendar No. 39,742.) Decided June 22, 1939. Rehearing denied November 9, 1939.

Case by Alexander Fedorinchik against Albert E. Stewart, for damages for personal injuries sustained in a collision of automobiles. Verdict and judgment for defendant. Plaintiff appeals. Reversed with new trial.

*J. Charles Wood (Maxwell W. Benjamin,* of counsel), for plaintiff.

*Howard D. Brown (Philip N. Marentay,* of counsel), for defendant.

*Kelley, Sessions, Warner & Eger, amici curiæ,* on application for rehearing.

NORTH, J. The decisive question presented by this appeal is whether plaintiff, against whom the jury rendered a verdict, was erroneously deprived of a fair examination of the jurors on their *voir dire.* Plaintiff's suit arises out of an automobile accident which occurred while defendant was insured in the Detroit Automobile Inter-Insurance Exchange, a mutual insurance company. The suit was defended by the insurance company's attorneys. The circuit judge, acting under Court Rule No. 37, § 1 (1933), conducted the *voir dire* examination of the jurors. Before the jury was drawn, he was advised by plaintiff's counsel that in the city of Detroit and in Wayne

county, where the suit was pending, there was a very large number of persons insured in this mutual company, that it was one of the largest insurers of automobile risks in that locality, and that this suit was being defended by the company's attorneys; and defendant's counsel upon being asked could not say the number of policyholders in this company in Wayne county was not over 50,000. It was also made known to the circuit judge that this company was not only a mutual company but that "it returns dividends each year to its members, to its policyholders."

Upon being called to the jury box, the examination by the trial judge disclosed that none of the jurors knew anything about the case itself, nor did any juror know either of the parties litigant or their attorneys, that none of the jurors or their respective wives or husbands were engaged in the insurance business, that all except two of the jurors drove automobiles. Each juror asserted there was no reason why he or she could not sit in the case as a fair and impartial juror.

But previous to the jurors being called plaintiff's counsel, after making the showing above related, urged upon the trial judge plaintiff's right, as a basis of challenging for cause or peremptorily, to have inquiry made of each juror as to whether he or she was insured in a mutual automobile insurance company, and if so in what company, and also whether an immediate member of any juror's family was engaged by an insurance company. Examination of the jurors in these respects was denied by the circuit judge, and plaintiff took an exception to such denial.

In so ruling there was error. It is indispensable to a fair trial that a litigant be given a reasonable opportunity to ascertain on the *voir dire* whether any of the jurors summoned are subject to being chal-

lenged for cause or even peremptorily. In a large measure the scope of examination of jurors on *voir dire* is within the discretion of the trial judge; but it must not be so limited as to exclude a showing of facts that would constitute ground for challenging for cause or the reasonable exercise of peremptory challenges. So to limit the examination is an abuse of discretion.

"Members of a mutual insurance company liable to be assessed to pay losses incurred by the company, are disqualified from serving as jurors in an action to which it is a party; or in which it is interested." 35 C. J. p. 315.

"In an action against a mutual fire insurance company, members thereof, liable to be assessed to pay the loss if the company should be defeated, are interested, and incompetent as jurors." *Martin* v. *Farmers' Mutual Fire-Ins. Co. of Calhoun County* (syllabus), 139 Mich. 148.

See, also, *William R. Roach & Co.* v. *Blair,* 190 Mich. 11; and *Church* v. *Stoldt,* 215 Mich. 469.

Fair review of this record requires noting that just before the jury was sworn plaintiff's counsel announced he was satisfied with the jury. This, however, should not be held to be a waiver of plaintiff's earlier insistence upon the right to have the jurors examined on *voir dire* in the manner hereinbefore noted. There is no intimation that counsel was not acting in entire good faith in asking for this further examination. He was eminently fair with the court. He made his position clear, took an exception to the adverse ruling, and acted ethically in accepting the trial court's decision. So far as could be ascertained from the restricted examination of the jurors they were acceptable. By so announcing plaintiff did not waive his rights under the very definite record he had made.

In view of our decision on the question considered, there is no occasion for reviewing other questions raised on this appeal. Judgment is reversed and a new trial granted. Appellant will have costs of this court.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.