COOK *v.* LAKE.

1. APPEAL AND ERROR—NONJURY LAW CASES—CREDIBILITY—WEIGHT OF EVIDENCE—QUESTIONS FOR TRIAL COURT.
    In law actions, tried without a jury, credibility of the testimony of a witness or the weight to be given it is for the determination of the trial court.

2. EXECUTORS AND ADMINISTRATORS—MONEY LENT—EVIDENCE.
    In action by administratrix to recover money alleged to have been loaned defendant by her intestate, evidence *held,* sufficient to support finding by court of the existence and amount of the loan.

Appeal from Wayne; Ferguson (Homer), J. Submitted January 5, 1940. (Docket No. 98, Calendar No. 40,700.) Decided March 15, 1940.

Assumpsit by Daisy C. Cook, administratrix of the estate of William Cunning, deceased, against Frank Lake for money loaned by decedent in his lifetime. Judgment for plaintiff. Defendant appeals. Affirmed.

*Duane H. Mosier,* for plaintiff.

*Hugh L. Torbert* and *Samuel H. Rubin,* for defendant.

Chandler, J. This action was brought by Daisy C. Cook, administratrix of the estate of William Cunning, deceased, to recover a sum of money which she claims was loaned to the defendant by decedent in the summer or fall of 1931. She claims that the loan was in the amount of $10,000, of which $100 was paid, and that there is a balance of $9,900 due thereon. The loan was not evidenced by any written promise to pay. In support of plaintiff's claim, a witness, Andrew Dressel, a Chicago banker, who had been a close friend of the defendant from 1918 to 1934, testified that defendant on several occasions had stated to him that he borrowed $10,000 from the decedent in 1931 for the purpose of making it appear that he was "broke," and that he wanted that impression circulated around while a Federal income tax proceeding was pending against him in Chicago.

As further evidence of her claim, plaintiff introduced into evidence a letter written by defendant to the decedent on September 13, 1934, which reads in part as follows:

"I wonder if you think it would not take a load off my mind to be able to pay off, as you and Frank Stone are the only people I owe outside of Uncle."

The defendant denied ever borrowing $10,000 from the decedent, and further denied the admissions claimed to have been made to Dressel concerning the loan. Defendant, when confronted with the above-mentioned letter, claimed he once borrowed $200 from decedent in order to pay a room bill at the Morrison Hotel in Chicago. He further claims to have repaid this sum in 1934 by giving the decedent $100 at one time and $50 on two other occasions.

After the proofs were in and the attorneys had argued the case, the trial judge stated that he desired more testimony before determining the issue. Then, by depositions, it was shown that the decedent was known to have carried large amounts of money with him. It was further shown that defendant did not have a $200 debt at the Morrison Hotel, but rather, at one time in 1929, had cashed a $500 check there which proved to be worthless, and for which the hotel could not recover because of inability to get service on the defendant.

The case was heard by the court without a jury. The court, accepting the testimony of the witness Dressel as to the amount of the indebtedness, rendered judgment against defendant in the sum of $10,506.38, from which this appeal is taken, the defendant claiming that "the judgment is against the great weight of the evidence, and hence * * * the plaintiff has not sustained the burden of proof to warrant the judgment as rendered."

To support his appeal, defendant claims that the testimony of Dressel should carry very little weight because he was a biased and prejudiced witness. His testimony was given fully in the trial court and the judge had ample opportunity to observe his demeanor and hear him testify as to all the business

transactions between the witness and the defendant, as well as to observe the defendant and hear all the testimony given by him.

It has been held by this court that in law actions, tried without a jury, credibility of the testimony of a witness or the weight to be given it is for the determination of the trial court. *Haines* v. *Haines*, 283 Mich. 379.

In *Hekman Biscuit Co., for use and benefit of Royal Indemnity Co.,* v. *Commercial Credit Co.,* 291 Mich. 156, this court said:

"In law cases tried before the court without a jury, the findings of the court will not be disturbed unless against the preponderance of the evidence."

An examination of all the testimony in the record reveals that there was sufficient basis for the judgment of the trial court. The finding was not against the clear preponderance of the evidence. In addition to the testimony of Dressel to establish the existence and amount of the loan, there was the letter to the decedent in which defendant admitted an indebtedness, as well as the depositions taken in Chicago which dispute the truth of defendant's testimony in several material respects. The testimony sustains the holding of the trial judge.

Judgment affirmed, with costs to plaintiff.

Bushnell, C. J., and Sharpe, Potter, North, McAllister, Wiest, and Butzel, JJ., concurred.