STATE of Missouri, Plaintiff-Respondent,

v.

Wayne COLEMAN, Defendant-Appellant.

No. 38202.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 5, 1977.

George E. Sullivan, O'Fallon, for defendant-appellant.

Jess L. Mueller, Pros. Atty., Lincoln County, Troy, for plaintiff-respondent.

DOWD, Judge.

Defendant-appellant appeals his conviction by a jury in the Circuit Court of nonsupport of a minor child under § 559.353, RSMo 1969, a misdemeanor, § 556.040, RSMo 1969. Defendant was ordered to pay a fine of five hundred dollars. We reverse and remand for a new trial.

As defendant does not question the sufficiency of the evidence to sustain the conviction, a brief summary of the facts will suffice. The complaining witness testified that she had had sexual relations with the defendant several times in January 1974 and on February 14, 1974. The child was born nine months later on November 14, 1974. Defendant denied having normal sexual relations with the complaining witness on any night but the night he met her in January 1974. The complaining witness denies that she had intercourse with anyone but defendant from the time she met him until the birth of the child. She also stated that the defendant acknowledged to her that the child was his. Defendant denies that he is the child's father.

■ On this appeal, defendant raises only one Point Relied On. He contends that the trial court erred in refusing to permit the prospective jurors to answer the question "Has anybody, any one of the eighteen of you ever had a similar situation within your family circle."

During voir dire defendant's attorney, Mr. Sullivan, was examining the jury panel and the following occurred:

"MR. SULLIVAN [defense counsel]: . . . As the Court has informed you, this is a case in which the State has charged that Wayne has not supported a child. That is a crime. Wayne denies being the father of this child. Now, permit me to ask this question: And I know it is personal, but we got to know. *Has anybody, any one of the eighteen of you ever had a similar situation within your family circle?*" (Emphasis added).

The prosecuting attorney made no objection. However, the trial judge interrupted as follows:

"THE COURT: Mr. Sullivan, the Court believes that that would be an improper question as broadly stated as it is. I am going to ask you not to ask that question at this time.

MR. SULLIVAN: Your Honor, I think I am entitled to know.

THE COURT: Approach the bench gentlemen. (Counsel approach the bench and the following proceedings occurred).

THE COURT: Go ahead, state your objection.

MR. SULLIVAN: I think I am entitled to know if because of a personal relationship within the family circle, either a daughter or a female relative being in the same situation or the other way, a man in the family circle being accused of this, because of that particular thing they have a preconceived notion about the case.

THE COURT: Mr. Sullivan, I believe this comes within the same category as asking these persons about having committed any previous crime. This is a matter that may be available through search of records, but is not a proper question to ask on voir dire of the jury panel and again I am going to instruct you and require you not to ask that question.

MR. SULLIVAN: I guess my exception is noted.

THE COURT: It is."

The proceedings returned to open court.

"MR. SULLIVAN: Ladies and gentlemen, is there anything about what you know about this case right now that leaves any doubt in any of your minds as to your ability to be, if selected, a fair and impartial juror? I find the panel satisfactory your Honor."

In order to resolve defendant's Point Relied On two questions must be answered. The first is whether or not the trial judge improperly prevented defendant's attorney from asking the veniremen if a similar situ-

ation had occurred within their family circles, and second, whether the defendant's objection to the court's action was waived by stating the panel was satisfactory.

We believe this was a proper question in order to discover possible bias, attitudes and experiences by the veniremen and thus guarantee to defendant the right to trial by a fair and impartial jury. The trial court improperly curtailed defendant attorney's voir dire examination by preventing him from asking the question set out above and in so doing abused his discretion.

■ Great liberality is allowed in inquiring into attitudes and experiences of the jury panel. The court in *State v. Granberry*, 484 S.W.2d 295, 299 (Mo. banc 1972) quoted with approval *State v. Miller*, 207 S.W. 797, 798 (Mo.1918) as follows:

> " 'It is the rule in this state that a liberal latitude is allowed in the examination of the jurors on their voir dire. * * * [2] The purpose of the examination by defendant of the panel on their voir dire is to develop, not only facts which might form the basis of a challenge for cause, but also such facts as might be useful to him in intelligently determining his peremptory challenges.' "

The judge was wrong in not permitting the question to be asked. It was a necessary question in determining possible prejudice on the part of the jurors towards the defendant.

■ The state argues that the defendant's attorney waived his objection to the trial judge's ruling because of his failure to file a motion to discharge the jury panel and by stating he found the jury satisfactory. The state relies heavily on *State v. Turnbough*, 498 S.W.2d 567 (Mo.1973). However, since the case at bar was submitted to this Court the case of *State v. Brown*, 547 S.W.2d 797 (Mo. banc 1977) was handed down which affects our disposition of the state's argument and this appeal. The Court in *Brown* held that it is not necessary to move to quash or discharge the panel in order to preserve for inclusion in a

motion for new trial and review on appeal the specific objections made during voir dire to questions asked by the other party or to preserve for review the trial court's refusing to permit proposed questions to be asked of the panel. The court in *Brown* stated: "To the extent that *Turnbough* is in conflict with this holding, it is overruled." (p. 805). Therefore, defendant's attorney did not waive his objection by not making a motion to discharge the panel.

Nor do we believe defendant's attorney waived his objection to the court's curtailment of his voir dire examination by his last statement of the voir dire examination that "I find the panel satisfactory." We must examine this statement in the context in which it was made to determine if the defendant's attorney waived his objection or acquiesced in the court's ruling. Defendant's attorney did everything possible to ask the question and preserve his record. He asked a proper question, then approached the bench and explained to the court why the question was important. He then pointed out the danger of a preconceived notion or prejudice by the jury on this matter. The court stated this information asked for in the question could be discovered by a "search of records." The court viewed the question as analogous to asking a juror about his criminal record. We do not agree with this conclusion. However, we believe if any attorney on voir dire saw fit, he could inquire as to the criminal record of a juror. Such an inquiry would certainly go to the qualification of a venireman to sit on a jury.

Nor do we understand what records would disclose the information sought by the question. Even if records were available, it would be impossible to discover this information during the voir dire examination.

Under the facts of this case we believe it is clear that the defendant's attorney merely saying the jury was satisfactory did not

waive his objection nor acquiesced in the ruling. He made a clear, strong record in objecting to the court's ruling. And to stress his objection unnecessarily stated "I guess my exception is noted" and the court replied: "It is." This was the last statement made to the panel after a protracted discussion of the objection outside the hearing of the jury. Undoubtedly the statement that the jury was satisfactory was an attempt to mollify the panel after the court had interrupted the voir dire and informed the attorney that the question was improper and instructed the attorney not to ask the question. We believe that defendant's attorney made it clear that so far as it could be determined from the restricted examination of the jurors that they were satisfactory. *Fedorinchik v. Stewart*, 289 Mich. 436, 286 N.W. 673 (1939). In the context in which the statement was made, we do not believe the attorney waived his objection by stating the jury was satisfactory.

Nor do we believe we are in conflict with that portion of *Turnbough* which discussed the perils of accepting a panel and stating the panel is satisfactory after making objections during the voir dire examination. The court in *Brown* in discussing *Turnbough* further held that by stating a panel was "the accepted panel" that this did not constitute a waiver of any objections to the selection of the jury. The court in *Brown* then cited *Fedorinchik* with approval and analyzed the *Fedorinchik* case as follows at p. 802:

". . . In *Fedorinchik v. Stewart*, 289 Mich. 436, 286 N.W. 673 (1939), the plaintiff's attorney wanted to ask the prospective jurors whether they had insurance with the defendant's insurer. The trial court, however, refused to give its permission to allow the question. The examination of the panel proceeded and subsequently plaintiff's counsel *announced he was satisfied with the jury*. The Supreme Court of Michigan held the trial court erred in restricting the scope of voir dire and, with reference to the plaintiff's express acceptance of the panel, the court stated at 675:

'This, however, should not be held to be a waiver of plaintiff's earlier insistence upon the right to have the jurors examined on voir dire in the manner hereinbefore noted. There is no intimation that counsel was not acting in entire good faith in asking for this further examination. He was eminently fair with the court. He made his position clear, took an exception to the adverse ruling, and acted ethically in accepting the trial court's decision. So far as could be ascertained from the restricted examination of the jurors they were acceptable. By so announcing plaintiff did not waive his rights under the very definitive record he had made.' " (Emphasis ours).

The court, in *Fedorinchik*, reversed and remanded the case for a new trial.

In *Fedorinchik*, like the case at bar, the defendant's attorney was unduly restricted during his voir dire examination but announced *he was satisfied with the jury*. The Court held because of the clear definitive record made by the attorney in objecting and his preserving his objection, the attorney did not waive his objection.

Therefore, we hold that the defendant was improperly curtailed in the voir dire examination of the jury to his prejudice and the defendant's attorney did not waive the objection to the curtailment.

The judgment is reversed and the cause is remanded for a new trial.

SIMEONE, C. J., and SMITH, J., concur.