PEOPLE v SEARS

Docket No. 78-1313. Submitted November 14, 1978, at Lansing.—
Decided January 3, 1979.

Tracy Sears was convicted of larceny in a building, Sanilac
Circuit Court, Allen E. Keyes, J. The jury that sat at defend-
ant's trial was selected three weeks prior to trial in a procedure
whereby the entire jury panel was assembled on one day and
all defendants who had trials scheduled that month were
required with their attorneys to choose a jury for their trial.
Defense counsel objected that the procedure restricted defend-
ant's rights to conduct a voir dire of the jurors and to challenge
the jurors. In the interval between the date the jury was
selected and defendant's trial, various members of his jury
heard unspecified types of criminal trials. However, on the date
set for trial, defendant was not given an opportunity to conduct
a voir dire of the jury to ascertain whether any of the jurors
had formed opinions prejudicial to defendant while sitting on
these other trials. The defendant appeals. *Held:*

This procedure of jury selection improperly restricted the
defendant's ability to conduct a voir dire of the jurors and
engage in the reasonable exercise of challenges.

Reversed and remanded.

CYNAR, P.J., dissented. He would hold that questions put to
*the jurors by the trial judge prior to trial sufficiently protected
the defendant's right to a fair trial in this case, although he
does not favor the procedure used. He would affirm.*

OPINION OF THE COURT

1. JURY — VOIR DIRE — CHALLENGES.

To have a fair trial a litigant must be given a reasonable
opportunity to ascertain on the voir dire whether any of the
jurors summoned are subject to being challenged for cause or
even peremptorily.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury § 195.
[2] 47 Am Jur 2d, Jury §§ 198, 200.
[3] 47 Am Jur 2d, Jury § 267.

2. Jury — Voir Dire — Discretion of Trial Judge — Challenges.

    The scope of examination of jurors on voir dire is, in a large measure, within the discretion of the trial judge, but it must not be so limited as to exclude a showing of facts that would constitute ground for challenging for cause or the reasonable exercise of peremptory challenges; so to limit the examination is an abuse of discretion.

Dissent by Cynar, P.J.

3. Jury — Selection of Jury — Voir Dire — Right to Fair Trial.

    *The selection of a jury for a defendant's trial, three weeks prior to trial, in a procedure by which the entire jury panel was assembled on one day and all defendants who had trials scheduled that month were required with their attorneys to choose a jury for their trial, and various members of the jury heard unspecified types of criminal trials in the interval between the date the jury was selected and the defendant's trial did not deprive the defendant of his right to a fair trial, even though the defendant was not given an opportunity to conduct a voir dire of the jury to ascertain whether any members of the jury had formed opinions prejudicial to the defendant while sitting on these other trials, where, prior to the start of the defendant's trial, the trial judge asked the jurors if they had heard anything further about the defendant's case, whether they had formed an opinion regarding the innocence or guilt of defendant, and whether anything had occurred that would cause them in any way to change their minds about anything and received negative responses to the questions.*

*Kraus & Ferris, P.C.,* for defendant on appeal.

Before: Cynar, P.J., and R. B. Burns and M. B. Breighner,* JJ.

R. B. Burns, J. Defendant was convicted by a jury of larceny in a building, contrary to MCL 750.360; MSA 28.592, and appeals.

The jury that sat at defendant's trial was selected three weeks prior to trial in a procedure by which the entire jury panel was assembled on one

---

* Circuit judge, sitting on the Court of Appeals by assignment.

day and all defendants who had trials scheduled that month were required with their attorneys to choose a jury for their trial. Defense counsel objected that the procedure restricted defendant's rights to conduct a voir dire of the jurors and to challenge the jurors. In the interval between the date the jury was selected and defendant's trial, various members of his jury heard unspecified types of criminal trials. However, on the date set for trial, defendant was not given an opportunity to conduct a voir dire of the jury to ascertain whether any of the jurors had formed opinions prejudicial to defendant while sitting on these other trials.

In *Fedorinchik v Stewart,* 289 Mich 436, 438-439; 286 NW 673, 674 (1939), the Supreme Court wrote:

"It is indispensable to a fair trial that a litigant be given a reasonable opportunity to ascertain on the *voir dire* whether any of the jurors summoned are subject to being challenged for cause or even peremptorily. In a large measure the scope of examination of jurors on *voir dire* is within the discretion of the trial judge; but it must not be so limited as to exclude a showing of facts that would constitute ground for challenging for cause or the reasonable exercise of peremptory challenges. So to limit the examination is an abuse of discretion."

The procedure of jury selection in this case improperly restricted defendant's ability to conduct a voir dire of the jurors and engage in the reasonable exercise of challenges.

Reversed and remanded.

M. B. BREIGHNER, J., concurred.

CYNAR, P.J. *(dissenting).* I would affirm. No fur-

ther voir dire was requested at the time of the trial. Furthermore, prior to the start of the trial the trial judge asked the jurors if they had heard anything further about the case since then; whether they had formed an opinion regarding the innocence or guilt of defendant; and whether anything had occurred that would cause them in any way to change their mind about anything. Although I do not favor the procedure used, I believe the jurors' negative response to these questions plus the voir dire previously conducted sufficiently protected defendant's right to a fair trial in this case.