PEOPLE v FOWLER

Docket No. 134485. Submitted November 22, 1991, at Lansing. Decided January 23, 1992; approved for publication March 25, 1992, at 9:20 A.M.

The Calhoun Probate Court, Juvenile Division, John M. Brundage, J., granted the Calhoun County Prosecutor's motion for an order waiving jurisdiction of Robert J. Fowler, a minor, to the Calhoun Circuit Court to allow Fowler to stand trial as an adult on charges of breaking and entering an occupied dwelling with intent to commit larceny, possession of a firearm during the commission of a felony, felonious assault, and possession of a short-barreled rifle. The defendant appealed, and the circuit court, James C. Kingsley, J., reversed, finding that the first-phase waiver hearing had not been held within the time limit set forth in MCR 5.950. The people appealed by leave granted, and the defendant cross appealed.

The Court of Appeals held:

1. The circuit court erred in finding the first-phase waiver hearing to have been untimely. The hearing was commenced within twenty-eight days of the date the petition was filed, as required by MCR 5.950(B)(1)(a). Reversal of the circuit court's order is appropriate.

2. The defendant's rights to a speedy trial and due process of law were not violated by a pretrial detention of 113 days before entry of an order waiving jurisdiction of him to circuit court. The waiver hearings were held within the time provided by MCR 5.950(B)(1)(a),(2)(a).

3. The probate court properly considered all the factors mandated by the Legislature in determining whether to waive jurisdiction of the defendant to the circuit court and did not give inappropriate weight to any of the factors.

4. The probate court did not abuse its discretion in determin-

REFERENCES

Am Jur 2d, Courts §§ 29, 104; Juvenile Courts and Delinquent and Dependent Children §§ 16, 17, 19, 46.

See the Index to Annotations under Juvenile Courts and Delinquent Children.

ing that the experts who testified for the prosecution at the second-phase waiver hearing were competent to testify.

Reversed.

1. COURTS — JUVENILE COURTS — INFANTS — WAIVER OF JURISDIC-
     TION — FIRST-PHASE HEARINGS.

   The first-phase hearing to be held by a probate court in determin-
   ing whether to waive jurisdiction of a juvenile to a court of
   general jurisdiction must be commenced within twenty-eight
   days of the date the petition is filed unless adjourned for good
   cause; an authorized petition is deemed filed when it is deliv-
   ered to, and accepted by, the register or clerk of the court
   (MCR 5.903[A][5], 5.950[B][1][a]).

2. COURTS — JUVENILE COURTS — INFANTS — WAIVER OF JURISDIC-
     TION.

   A probate court in determining whether to waive jurisdiction of a
   juvenile to a court of general jurisdiction must consider and
   make findings with regard to the following six factors man-
   dated by the Legislature, giving each weight as appropriate to
   the circumstances: the child's prior record and character, physi-
   cal and mental maturity, and pattern of living; the seriousness
   of the offense; whether the offense is part of a repetitive
   pattern of offenses that would lead to the determination that
   the child is not amenable to treatment or that, despite the
   child's potential for treatment, the nature of the child's delin-
   quent behavior is likely to disrupt the rehabilitation of other
   children in the treatment program; whether, despite the child's
   potential for treatment, the nature of the child's delinquent
   behavior is likely to render the child dangerous to the public if
   released at the age of nineteen or twenty-one; whether the
   child is more likely to be rehabilitated by the services and
   facilities available in adult programs and procedures than in
   juvenile programs and procedures; and whether it is in the best
   interests of the public welfare and the protection of the public
   security that the child stand trial as an adult offender (MCL
   712A.4[4]; MSA 27.3178[598.4][4]; MCR 5.950[B][2][c]).

3. COURTS — JUVENILE COURTS — INFANTS — WAIVER OF JURISDIC-
     TION.

   A probate court properly waives jurisdiction of a juvenile to a
   court of general jurisdiction where the court's findings, based
   on substantial evidence and a thorough investigation, show
   either that the juvenile is not amenable to treatment or that,
   despite potential for treatment, the nature of the difficulty is
   likely to render the juvenile dangerous to the public if released

at age nineteen or twenty-one or to disrupt the rehabilitation of other children in treatment programs.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Jon R. Sahli,* Prosecuting Attorney, and *Roger L. Caswell,* Assistant Prosecuting Attorney, for the people.

*Dobbins & Associates, P.C.* (by *Dorothy Cherry*), for the defendant.

Before: BRENNAN, P.J., and SHEPHERD and GRIFFIN, JJ.

PER CURIAM. The people appeal by leave granted an October 16, 1990, order of the Calhoun Circuit Court that reversed an order of the probate court that waived jurisdiction of defendant to the circuit court to stand trial as an adult on charges of breaking and entering an occupied dwelling house with intent to commit larceny, MCL 750.110; MSA 28.305, possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), felonious assault, MCL 750.82; MSA 28.277, and possession of a short-barreled rifle, MCL 750.224b; MSA 28.421(2). Defendant filed a cross appeal. We reverse, thereby reinstating waiver to the circuit court.

On appeal, the people contend the circuit court erred in holding that the first-phase waiver hearing was not timely. The circuit court found that, because the first-phase waiver hearing was not held within twenty-eight days from the date the petition was authorized, the hearing was not held within the time requirements of MCR 5.950. Therefore, the circuit court held that waiver to circuit court was precluded. The people contend that the hearing was held within the time limit set forth in MCR 5.950(B)(1)(a), because it was held

within twenty-eight days from the date the petition was filed. We agree.

MCR 5.950(B)(1)(a) provides:

> The [first-phase] hearing shall be commenced within 28 days after the filing of the petition unless adjourned for good cause.

The rule clearly and unambiguously states that the hearing shall be commenced within twenty-eight days from the date the petition was filed, not authorized. Pursuant to MCR 5.903(A)(5), "[a]n authorized petition is deemed 'filed' when it is delivered to, and accepted by, the register or clerk of the court." In this case, the petition was authorized on March 23, 1990, and filed on March 29, 1990. The first-phase hearing was commenced on April 23, 1990, twenty-five days later. Accordingly, we conclude that the circuit court erred in finding the hearing untimely, and we reverse its decision.

Defendant states that if this Court reverses the decision of the circuit court, we should consider four issues he raises in his cross appeal, all of which were rejected by the circuit court. Defendant first argues that his rights to a speedy trial and due process of law were violated by a pretrial detention of 113 days before entry of an order waiving jurisdiction of him to circuit court. However, defendant cites no authority that sets forth a date by which a judge must render a decision in waiver proceedings. A party may not leave it to this Court to search for authority to sustain or reject its position. *Mann v Mann,* 190 Mich App 526; 476 NW2d 439 (1991). Moreover, we note that the waiver hearings were held within the time provided by MCR 5.950(B)(1)(a) and (2)(a). Accordingly, we find no error in this regard.

Defendant next argues that the probate court

should not have waived jurisdiction without investigating juvenile services outside Calhoun County. We disagree. Again, defendant does not cite, and we do not find, any authority that required the court to investigate juvenile services outside Calhoun County before waiving jurisdiction. In the case at bar, the probate court specifically addressed in its written opinion each of the six factors it was required to consider in determining whether to waive defendant to the Calhoun Circuit Court. See MCL 712A.4(4); MSA 27.3178(598.4)(4) and MCR 5.950. This included consideration of the fifth factor, that defendant was more likely to be rehabilitated in adult treatment programs than in juvenile treatment programs. Therefore, the court properly considered all the factors mandated by the Legislature in determining whether an individual should be waived to the circuit court, and defendant's argument is without merit.

Defendant argues that the three experts who testified for the prosecution at the second-phase waiver hearing were not competent to testify because they had no knowledge that would allow them to compare the adult system with the juvenile system. We disagree. It is within the trial court's discretion to determine the qualification of a witness as an expert and to determine the admissibility of the witness' opinion testimony. The trial court's decision will not be reversed absent an abuse of that discretion. *King v Taylor Chrysler-Plymouth, Inc,* 184 Mich App 204, 214; 457 NW2d 42 (1990). Each witness possessed either experience or education in the field in which he provided expert testimony. Although none of the experts attempted to compare the juvenile and adult programs, they drew on their knowledge of the individual systems to express an opinion

whether defendant would benefit within that system. Thus, we find no abuse of discretion.

Defendant argues that the court's findings were not supported by substantial evidence or a thorough investigation and that the judge gave inappropriate weight to some of the six factors he was required to consider under MCR 5.950(B)(2)(c) and MCL 712A.4(4); MSA 27.3178(598.4)(4).

As noted above, in determining whether to waive a juvenile to the court having general criminal jurisdiction, the court shall consider and make findings with regard to six factors, giving each weight as appropriate to the circumstances. See factors listed in MCR 5.950(B)(2)(c) and MCL 712A.4(4); MSA 27.3178(598.4)(4). A probate court's order waiving jurisdiction will be affirmed whenever that court's findings, based on substantial evidence and thorough investigation, show either that the juvenile is not amenable to treatment or that, despite his potential for treatment, the nature of his difficulty is likely to render him dangerous to the public, if released at age nineteen or twenty-one, or to disrupt the rehabilitation of other children. *People v Dunbar,* 423 Mich 380, 387; 377 NW2d 262 (1985).

With respect to the first factor under MCR 5.950 and MCL 712A.4(4); MSA 27.3178(598.4)(4), dealing with the defendant's prior record, defendant argues that the court gave undue weight to expert Hampstead's statement that defendant informed him that he had committed six breaking and entering offenses during the weeks preceding his last arrest. A review of the court's findings reveals that the court did not appear to give undue weight to Dr. Hampstead's statement. The court merely noted the admission and appeared to have considered it in context with the other evidence presented regarding defendant's juvenile convictions

to make the finding that defendant had a repetitive pattern of criminal offenses.

Also in connection with the first factor, defendant contends that the probate court erroneously stated that he had committed "assaultive crimes" although he was never found guilty of committing an assaultive offense. We agree, because defendant was merely charged with committing assaultive crimes. However, the fact remains that defendant committed numerous other offenses increasing in severity over time, despite being involved in juvenile-treatment programs for a period of time. This was noted by the trial court. Therefore, the trial court's finding that defendant was not amenable to treatment in juvenile facilities was not based upon crimes of which defendant was never found guilty. Instead, the finding was based upon substantial evidence that defendant had committed various offenses, increasing in severity, despite his exposure to increasingly extensive juvenile-treatment programs over a period of time.[1]

With regard to the second factor the court must consider under MCR 5.950 and MCL 712A.4(4); MSA 27.3178(598.4)(4), defendant argues that the court gave undue weight to the seriousness of the offenses he was charged with in the waiver proceeding. We disagree. The court simply noted that the offenses defendant was charged with were serious. As noted above, defendant was charged with breaking and entering an occupied dwelling house with intent to commit larceny, felony-firearm, felonious assault, and possession of a short-barreled rifle. We agree with the lower court that these offenses are of a serious nature, especially

[1] In addition, we note that this finding was based on the opinions of three experts that defendant would not benefit from the juvenile programs because of his history, but may benefit from adult programs.

considering the fact that a weapon was involved. These crimes are far more serious than the property and traffic offenses for which defendant first became involved in the juvenile system. The fact that no one was actually hurt does not negate the seriousness of the offenses. Accordingly, defendant's argument that the court considered the seriousness of the offenses in a disproportionate manner is without merit.

Reversed.