PEOPLE v LARRY SMITH (AFTER REMAND)

Docket No. 45107. Submitted October 6, 1981, at Lansing.—Decided December 14, 1981.

Larry M. Smith was convicted by a jury in Calhoun Circuit Court of assault with intent to commit great bodily harm less than murder and of possession of a firearm during the commission of a felony and was sentenced, Stanley Everett, J. Defendant appealed, contending, *inter alia,* that he had been denied a fair trial because a juror had failed during voir dire to reveal that he was to be a prosecution witness in a similar case and that the witness would naturally identify himself with the prosecution in this case. Defense counsel submitted an affidavit that, had he been aware that the juror was a prosecution witness in a similar case, he would have exercised a peremptory challenge to have the juror dismissed. The Court of Appeals, while retaining jurisdiction, remanded the case to the trial court for an evidentiary hearing, 106 Mich App 203 (1981). Following the hearing, the trial court found that the juror's status as a witness did not deprive him of the ability to act impartially in this case and that defendant could not have successfully challenged the juror for cause. The trial court made no finding as to whether the juror would have been dismissed by peremptory challenge had his status as a witness in the other case been revealed. Now on appeal after remand, defendant argues that the Court of Appeals should make the finding the trial judge failed to make. *Held:*

1. Testimony on remand has rendered moot the question of whether the juror would have been dismissed by peremptory challenge had his status as a witness in the other case been revealed. At the time of voir dire the juror himself did not know he was to be a witness in the other case.

2. Reversal and a new trial is not required under the circum-

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury § 195.
[2] 4 Am Jur 2d, Appeal and Error § 508.
[2, 3] 5 Am Jur 2d, Appeal and Error § 628.
[2] 47 Am Jur 2d, Jury § 200.
[4] 47 Am Jur 2d, Jury §§ 209, 219.
[5] 47 Am Jur 2d, Jury § 208.

stances presented here because defendant waived any defect in the jury selection process, the juror's answers to the questions at voir dire were not false, and other information concerning the juror was not such that the juror should have disclosed it even absent questioning.

Affirmed.

1. TRIAL — JURY — VOIR DIRE.

The purpose of voir dire is to afford counsel an opportunity to elicit sufficient information to develop a rational basis for excluding jurors for cause or by peremptory challenge.

2. TRIAL — VOIR DIRE — APPEAL.

The scope of voir dire examination is within the sound discretion of the trial judge and his decision will not be set aside absent an abuse of discretion.

3. APPEAL — TRIAL — VOIR DIRE.

A defendant may not argue that the trial judge unduly restricted the scope of voir dire where his counsel was permitted to ask such questions as he deemed necessary and eventually expressed his satisfaction with the jury selected.

4. TRIAL — VOIR DIRE — FALSE ANSWERS.

False answers by a juror to questions on voir dire, whether intentional or unintentional, deny the defendant a fair trial if correct answers would have led the parties to challenge the juror.

5. TRIAL — JURY — VOIR DIRE.

Failure of a juror to disclose on voir dire a matter which would deprive him of the capacity to act impartially, even where not asked about the matter, denies the defendant a fair trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad Sindt,* Prosecuting Attorney, and *John H. MacFarlane,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg),* for defendant on appeal.

After Remand

Before: R. B. Burns, P.J., and MacKenzie and J. T. Kallman,* JJ.

Per Curiam. After a jury trial, defendant was convicted of assault with intent to commit great bodily harm less than murder, MCL 750.84; MSA 28.279, and of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to imprisonment for consecutive terms of five to ten years and two years and appealed by right. Defendant argued, among other things, that he had been denied a fair trial because a juror had failed during voir dire to reveal that he was to be a prosecution witness in a similar case. The juror was not directly asked if he had ever witnessed a similar crime. Defendant argued that a prosecution witness naturally tends to identify himself with the prosecution and to distrust the defense. Defendant submitted an affidavit from his trial counsel indicating that, had counsel been aware that the juror was a prosecution witness in a similar case, he would have exercised a peremptory challenge to have the juror dismissed. Since we regarded the record then before us as insufficient to resolve defendant's contentions, we retained jurisdiction and remanded the case to the trial court as follows:

"[S]ince it is unclear whether the juror in question was aware at the time of trial that he would be called as a witness in the other case, we feel that the proper procedure is to remand this matter for an evidentiary hearing in the trial court. At that hearing, the trial judge should determine whether (1) the juror's status as a witness deprived him of his ability to act impartially in the case at bar; (2) defendant could have successfully

---

* Circuit judge, sitting on the Court of Appeals by assignment.

challenged the juror for cause; or (3) defendant would have 'otherwise' dismissed the juror by exercising a peremptory challenge had the truth been revealed." *People v Larry Smith,* 106 Mich App 203, 213; 307 NW2d 441 (1981).

On remand, defendant's trial counsel testified that he would have peremptorily challenged the juror had he been aware that the juror was a prosecution witness in a similar case. The juror testified that he had not actually seen the similar crime committed:

"I was not present when Mr. Ritsema was shot. I was about a half—about three-quarters or a quarter of a—or a whole block away and my testimony was that I saw this panel truck pull up from this street, go into the gas station and then proceeded into the driveway and I—in my evidence, I said it sounded like to me the thing was backfiring. That's all I saw. I couldn't tell you whether he is black, white or yellow, whether he's male or female."

The other case was not tried until trial in this case was completed. The juror testified that, although he had made a statement to the police, he was not told that he would be called as a witness until he was served with a subpoena. The subpoena was served after trial in this case was completed. The juror also testified that his involvement in the other case had no influence on his consideration of this case.

The trial judge found that the juror's status as a witness did not deprive him of the ability to act impartially in this case and that defendant could not have successfully challenged the juror for cause. The trial judge made no finding as to whether the juror would have been dismissed by peremptory challenge had his status as a witness

in the other case been revealed. Defendant now argues that this Court should make the finding that the trial judge failed to make. We decline to do so since testimony on remand has rendered the question moot. What defense counsel would have done if the juror had informed him that he was to be a witness in a similar case is irrelevant since the juror could not have so informed counsel. At the time of voir dire the juror himself did not know he was to be a witness. Moreover, the juror's status as a prosecution witness could not have led the juror to identify himself with the prosecution before he became aware that he was a prosecution witness.

Defendant points to other information concerning the juror which became available on remand and which he claims would have led his counsel to exercise a peremptory challenge had it been revealed at voir dire. At voir dire, the jurors were asked if they had any relatives or close friends who were or had been involved in police work. The juror involved in this appeal did not inform the court of any such relationship. On remand, it was revealed that the juror had a slight acquaintance with his local police chief and several other police officers, none of whom were from a department involved in this case. The juror also revealed that he had been upset and distracted at the time of trial because his daughter had been dying of leukemia. However, we hold that reversal and a new trial is not required under the circumstances presented here because defendant waived any defect in the jury selection process, the juror's answers to the questions at voir dire were not false, and the information was not such that the juror should have disclosed it even absent questioning.

The purpose of voir dire is to afford counsel an opportunity to elicit sufficient information to de-

velop a rational basis for excluding jurors for cause or by peremptory challenge. The scope of voir dire examination is within the sound discretion of the trial judge and his decision will not be set aside absent an abuse of discretion. *People v Harrell,* 398 Mich 384; 247 NW2d 829 (1976). This Court has ordered a new trial where the trial judge restricted voir dire in a manner which prevented development of a factual basis for the exercise of peremptory challenges. *People v Sears,* 88 Mich App 1; 276 NW2d 496 (1979). However, defendant may not argue that the trial judge unduly restricted the scope of voir dire where, as here, his counsel was permitted to ask such questions as he deemed necessary and eventually expressed his satisfaction with the jury selected. *People v Brown,* 393 Mich 174; 224 NW2d 38 (1974).

False answers by a juror to questions on voir dire, whether intentional or unintentional, deny the defendant a fair trial if correct answers would have led the parties to challenge him. *People v Graham,* 84 Mich App 663, 666-667; 270 NW2d 673 (1978). Here, however, the juror's answers to the questions on voir dire were not false. For example, the juror's relationship with the police officers could not be characterized as a close friendship. A defendant is denied a fair trial where a juror fails to disclose on voir dire a matter which would deprive him of the capacity to act impartially even though the juror was not asked about the matter. *People v Hannum,* 362 Mich 660, 666-667; 107 NW2d 894 (1961). However, we cannot say that the matters on which defendant relies were matters which would have deprived the juror of his capacity to act impartially.

Affirmed.