## PEOPLE v DUNHAM

Docket No. 179779. Submitted September 11, 1996, at Lansing. Decided November 26, 1996, at 9:20 A.M. Leave to appeal sought.

Russell P. Dunham was convicted by a jury in the Clinton Circuit Court of first-degree criminal sexual conduct. The court, Jeffrey L. Martlew, J., sentenced the defendant to twenty to thirty years of imprisonment. The defendant appealed.

The Court of Appeals *held*:

1. Remarks by the prosecutor at voir dire designed to ferret out jurors who might find sexual abuse of a child so abhorrent as to be inconceivable and the prosecutor's inquiry into the jurors' willingness to give as much weight to the testimony of the six-year-old victim as they would to the testimony of an adult were proper. To the extent that the prosecutor outlined the case during voir dire, the harmful effects, if any, of those remarks were purged by an objection by defense counsel and the trial court's instruction to proceed with jury selection.

2. The trial court did not abuse its discretion in admitting evidence of statements made by the victim to a friend of the court mediator. The evidence was admissible under the "tender age exception" to the hearsay rule, MRE 803A. The statements were spontaneous, the delay in reporting the sexual abuse was excusable on the basis of the victim's well-grounded fear of the defendant, and the defendant was not prejudiced by the prosecutor's failure to inform him about the intended introduction of the testimony until the day before trial inasmuch as the defendant should have anticipated the testimony in light of the preliminary examination testimony of the victim's mother and the inclusion of the friend of the court mediator on the prosecutor's witness list.

3. By not objecting at trial, the defendant failed to preserve for appellate review his claim that the trial court erred in admitting evidence of his prior bad acts and of threats he made to the victim's mother.

4. The defendant's Fifth Amendment right to remain silent was not violated when the prosecutor introduced evidence that the defendant had canceled a scheduled interview with the police. The

defendant was not in custody and had not invoked the Fifth Amendment at the time the interview was canceled.

5. The trial court did not err in refusing to instruct the jury about third- and fourth-degree criminal sexual conduct. The child's age was not at issue, and the instructions given sufficiently protected the defendant's rights.

6. The trial court did not err in remanding the case to the district court, which had bound over the defendant for trial for second-degree criminal sexual conduct, for reconsideration of the decision not to bind over on a charge of first-degree criminal sexual conduct. The trial court exercised its plenary authority to remand to the district court for reconsideration of a ruling the trial court considered clearly erroneous. Furthermore, in light of sufficient evidence at trial to convict of first-degree criminal sexual conduct, error, if any, in the bindover would be harmless.

7. The defendant, in claiming ineffective assistance of counsel, failed to sustain his burden of proving that counsel made a serious error that affected the result of the trial or of overcoming the presumption that counsel's actions were strategic.

8. The defendant's sentence, which is within the range recommended by the sentencing guidelines, is presumptively proportionate, and the defendant has failed to rebut the presumption of proportionality.

Affirmed.

WHITE, P.J., concurring, stated agreement with the majority opinion except with regard to the issue of the trial court's remand of the case to the district court for reconsideration of the bindover decision. With regard to that issue, error, if any, was harmless under the facts of this case.

1. EVIDENCE — HEARSAY — TENDER AGE EXCEPTION.

A statement by a child of tender age indicating sexual abuse of the child, as related to a friend of the court mediator months after the alleged abuse and in the course of routine questioning during divorce proceedings between the child's parents, is admissible under the tender age exception to the hearsay rule; such a statement is spontaneous, and delay in making the statement is excusable where caused by the child's fear of the alleged abuser (MRE 803A).

2. CRIMINAL LAW — BINDOVERS — REMANDS FOR RECONSIDERATION.

A circuit court that finds that a district court clearly erred in refusing to bind over a defendant on a higher charge has plenary authority to remand the case to the district court for reconsideration of the bindover decision.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Charles D. Sherman*, Prosecuting Attorney, and *Jeffrey D. Appelt*, Assistant Prosecuting Attorney, for the people.

*Arthur James Rubiner*, for the defendant on appeal.

Before: WHITE, P.J., and GRIFFIN and D. C. KOLENDA,* JJ.

GRIFFIN, J. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). Defendant was sentenced to twenty to thirty years' imprisonment. Defendant appeals as of right. We affirm.

I

Defendant first argues that the prosecutor made improperly argumentative remarks during jury voir dire. We disagree. The prosecutor's remarks were designed to ferret out those jurors who might find sexually abusing a child to be conduct so abhorrent as to be inconceivable. Such questioning was proper. Cf. *People v Smith (After Remand)*, 122 Mich App 202, 206-207; 332 NW2d 401 (1981). Also, the prosecutor's inquiry into the jurors' willingness to give as much weight to the testimony of a six-year-old victim as they would to the testimony of an adult was proper. *Id.* Further, to the extent that the prosecutor outlined the case during voir dire, the harmful effect, if any, of the brief and relatively innocuous remarks was purged by defense counsel's objection and the trial court's instruction to proceed with jury selection.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

We find no abuse of discretion. *People v Tyburski*, 445 Mich 606, 619; 518 NW2d 441 (1994); *People v Daniels*, 192 Mich App 658, 666; 482 NW2d 176 (1991).

II

Next, defendant contends that the trial court committed error requiring reversal by admitting into evidence, pursuant to the "tender age exception" to the hearsay rule, MRE 803A, statements the child victim made to a Clinton County Friend of the Court mediator. Defendant argues that these statements were not made spontaneously and that an excessive period had elapsed between the alleged sexual abuse and the statements. Furthermore, defendant contends that even if the statements fall within the tender age exception, they should have been excluded because the prosecutor failed to provide defendant with sufficient pretrial notice of her intent to offer the statements. We disagree.

MRE 803A, which codified the Michigan common-law tender years hearsay exception, provides in relevant part:

A statement describing an incident that included a sexual act performed with or on the declarant by the defendant or an accomplice is admissible to the extent that it corroborates testimony given by the declarant during the same proceeding, provided:

(1) the declarant was under the age of ten when the statement was made;

(2) the statement is shown to have been spontaneous and without indication of manufacture;

(3) either the declarant made the statement immediately after the incident or any delay is excusable as having been caused by fear or other equally effective circumstance; and

(4) the statement is introduced through the testimony of someone other than the declarant.

If the declarant made more than one corroborative statement about the incident, only the first is admissible under this rule.

A statement may not be admitted under this rule unless the proponent of the statement makes known to the adverse party the intent to offer the statement, and the particulars of the statement, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet the statement.

The victim was six years old when she uttered the statements at issue. The mediator testified that the victim made the statements in response to the customary, open-ended questions asked of all children of divorcing parents.[1] Under these circumstances, the trial court did not err in finding that the victim's statements were spontaneous. Further, the trial court did not abuse its discretion in ruling the eight- or nine-month delay in reporting the sexual abuse was excusable on the basis of the victim's well-grounded fear of defendant. *People v Hammons*, 210 Mich App 554, 558; 534 NW2d 183 (1995).

We also conclude that defendant was not prejudiced by the prosecutor's failure to inform him about her plan to introduce testimony pursuant to the tender age hearsay exception until the day before trial. See MCL 769.26; MSA 28.1096; *People v Mateo*, 453 Mich 203, 212-215; 551 NW2d 891 (1996). Indeed, defendant should have anticipated the potential testi-

---

[1] The mediator asked the victim (1) what were some of the things she liked about both parents; (2) what were some of the things she did not like about either parent; (3) what were the things either parent did that she liked or did not like; and (4) was there anything that either parent did that frightened her.

mony because the victim's mother testified at defendant's preliminary examination that she became aware of the sexual abuse after the victim spoke with a mediator and because the mediator's name appeared on the witness list. Accordingly, the trial court did not abuse its discretion in admitting the statements at issue pursuant to MRE 803A.

III

Defendant argues further that the trial court committed error requiring reversal in admitting evidence of defendant's prior bad acts and of threats he made to the victim's mother. However, defendant failed to preserve these issues because he did not object to this evidence below. Therefore, these evidentiary issues are unpreserved. MRE 103; *People v Grant*, 445 Mich 535, 546-547; 520 NW2d 123 (1994); *People v Dowdy*, 211 Mich App 562, 570; 536 NW2d 794 (1995). Further, we are not persuaded that the alleged error, if any, was decisive to the outcome of the case. Defendant has not established the prejudice necessary to avoid forfeiture of this unpreserved issue. *Grant, supra* at 547, 551, 553; see *Mateo, supra* at 212-215. Further, it appears the evidence concerning defendant's conduct toward the victim was relevant to explain her delay in reporting the alleged abuse, and at least some of the evidence concerning conduct toward the victim's mother was relevant to the mother's reason for leaving the marital home, an issue addressed by defendant. See *People v Flaherty*, 165 Mich App 113, 122; 418 NW2d 695 (1987); *People v Abrnathy*, 153 Mich App 567, 573; 396 NW2d 436 (1985). Finally, defendant elicited the testimony to which he now objects.

IV

Next, defendant asserts that the prosecutor impermissibly referred to defendant's exercise of his Fifth Amendment right to remain silent by introducing testimony that defendant had canceled a scheduled interview with the police. However, defendant failed to object to the prosecutor's questions. Therefore, our review is limited to whether a curative instruction could have eliminated the prejudicial effect of the alleged misconduct or whether a miscarriage of justice would occur if the issue was not reviewed. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994). We find no miscarriage of justice. Here, defendant's Fifth Amendment right against self-incrimination was not violated because defendant was not in custody and had not invoked his Fifth Amendment right at the time the scheduled interview was canceled. *People v Schollaert*, 194 Mich App 158, 164-165; 486 NW2d 312 (1992).

V

Defendant further claims that the trial court committed error requiring reversal in refusing to instruct the jury regarding third- and fourth-degree criminal sexual conduct. However, because defendant withdrew his request for jury instructions regarding third- and fourth-degree criminal sexual conduct, he has failed to preserve this issue and, thus, we review only to prevent manifest injustice. *People v Haywood*, 209 Mich App 217, 230; 530 NW2d 497 (1995). After a thorough review, we find no manifest injustice. Taken as a whole, the instructions sufficiently protected the defendant's rights. *People v Moldenhauer*, 210 Mich App 158, 159; 533 NW2d 9 (1995). Further, the error,

if any, in refusing to instruct the jury with regard to third- and fourth-degree criminal sexual conduct was harmless because the victim's age was not at issue. *People v Mosko*, 441 Mich 496, 501, 505; 495 NW2d 534 (1992).

VI

Next, defendant argues that his due process rights were violated when the circuit court remanded the case to the district court for reconsideration of the district court's decision not to bind defendant over on a charge of first-degree criminal sexual conduct. We disagree. Originally, the prosecutor charged defendant with second-degree criminal sexual conduct. However, following defendant's preliminary examination, the prosecutor moved in the district court to add a charge of first-degree criminal sexual conduct. The district court denied the prosecutor's motion without explanation and bound defendant over on second-degree criminal sexual conduct only.

Instead of appealing, the prosecutor filed a motion in the circuit court for leave to amend the information to add a charge of first-degree criminal sexual conduct. The circuit court initially granted the motion after noting that its review of the preliminary examination "clearly establishes probable cause to believe that defendant committed first-degree criminal sexual conduct . . . ." Later, in response to defendant's motion to quash the information, the circuit court reconsidered and vacated its order granting leave to amend. Then, on its own motion, the circuit court remanded the case to the district court with instructions for the lower court to reconsider its denial of a bindover on a charge of first-degree criminal sexual

conduct. On remand and after reconsideration, the district court bound defendant over on the charge of first-degree criminal sexual conduct.

Defendant's claim that the circuit court erred in granting the prosecutor's motion to amend is moot because the circuit court vacated its original order and did not substitute its judgment for that of the district court. Compare *Genesee Prosecutor v Genesee Circuit Judge*, 391 Mich 115, 119; 215 NW2d 145 (1974); *People v Goecke*, 215 Mich App 623; 547 NW2d 338 (1996). Moreover, the circuit court did not compel the district court to reverse. Instead, the circuit court exercised its plenary authority by remanding the case to the lower court for reconsideration of a ruling that the circuit court considered clearly erroneous. Cf. MCR 6.110(H); *People v Miller*, 62 Mich App 495; 233 NW2d 629 (1975). Defendant's argument that the circuit court lacked authority to remand is unsupported by authority and is without merit. *People v Weathersby*, 204 Mich App 98, 113; 514 NW2d 493 (1994); *People v Fowler*, 193 Mich App 358, 361; 483 NW2d 626 (1992); *People v Heard*, 178 Mich App 692, 697; 444 NW2d 542 (1989). Indeed, defendant's argument runs contrary to the circuit court's well-established authority to remand criminal cases for further preliminary proceedings once it obtains jurisdiction. See *People v Stafford*, 434 Mich 125, 137; 450 NW2d 559 (1990) (RILEY, C.J., dissenting); *People v Miklovich*, 375 Mich 536, 539; 134 NW2d 720 (1965); *People v Connor*, 209 Mich App 419, 421; 531 NW2d 734 (1995); *People v Miller*, 62 Mich App 495; 233 NW2d 629 (1975); *People v Bageris*, 94 Mich App 396, 398-399; 288 NW2d 439 (1979). Finally, because sufficient evidence was presented at trial to convict

defendant of first-degree criminal sexual conduct, error, if any, in the bindover would be harmless. See, generally, *People v Hall*, 435 Mich 599; 460 NW2d 520 (1990).

### VII

Defendant also claims that he was denied the effective assistance of counsel because his first attorney allegedly advised him to flee the state before trial and also because his trial attorney failed to object to the above claims of error. *People v Barclay*, 208 Mich App 670, 672; 528 NW2d 842 (1995). After a thorough review, we conclude that defendant has neither sustained his burden of proving that counsel made a serious error that affected the result of the trial nor overcome the presumption that counsel's actions were strategic. *People v LaVearn*, 448 Mich 207, 213; 528 NW2d 721 (1995); *Stanaway, supra* at 666, 687-688.

### VIII

Finally, defendant argues that his sentence is disproportionate. However, defendant's sentence is within the sentencing guidelines' range and, therefore, is presumptively proportionate. *People v Broden*, 428 Mich 343, 354-355; 408 NW2d 789 (1987); *People v Cutchall*, 200 Mich App 396, 410; 504 NW2d 666 (1993). Defendant has failed to rebut the presumption of proportionality. In light of the heinous crime committed and defendant's lengthy criminal history that includes convictions of two prior felonies and seven misdemeanors, we hold that defendant's sentence is proportionate to the offense and the offender. *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

Affirmed.

D. C. KOLENDA, J., concurred.

WHITE, P.J. *(concurring)*. I concur in the result reached in section VI of the majority opinion on the basis that any error in the procedure employed is harmless under facts of this case, where there was ample evidence presented at the preliminary examination to bind defendant over on the charge of first-degree criminal sexual conduct, the district judge eventually so concluded, and the contrary conclusion constituted an abuse of discretion.

In all other respects, I join in the majority opinion.