# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CARLTON LINDBERG JOHNSON,

        Defendant-Appellant.

UNPUBLISHED
September 8, 2015

No. 322364
Muskegon Circuit Court
LC No. 13-063588-FC

Before: BOONSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Defendant appeals by right his convictions, following a jury trial, of one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration, victim under age 13); one count of CSC-I, MCL 750.520b(1)(b)(i) (sexual penetration, person at least 13 years old but under age 16, same household); and one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(b)(i) (sexual contact, person at least 13 years old but under age 16, same household). The trial court sentenced defendant to concurrent sentences of 17 to 35 years' imprisonment for each count of CSC-I, and 5 to 15 years' imprisonment for CSC-II, with credit for 355 days served. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant and his now-deceased wife adopted the three victims, LJ I, LJ II, and MJ, in 1996 and 1997. Between 1997 and 2011, defendant sexually touched and had intercourse with MJ beginning when she was under age 10, had intercourse with LJ I from the time she was 13 years old, and sexually touched LJ II when she was under age 14. Following police involvement in a 2012 custody dispute involving two other children adopted by defendant's biological daughter but in defendant's care, LJ I, LJ II, and MJ disclosed defendant's abuse to investigators and social workers.

During voir dire, the prosecutor asked whether anyone in the prospective jury panel knew someone who had disclosed sexual abuse. One potential juror answered that his wife's sister had disclosed sexual abuse in high school, and had served as a witness in a prosecution. The juror agreed that if the prosecutor proved the case beyond a reasonable doubt, he would be able to return a guilty verdict, and if the prosecutor did not, he would be able to return a not guilty verdict. Another potential juror stated that her sister had disclosed sexual abuse to her later in life, but did not tell anyone when it first occurred. The accused man was not charged in relation

-1-

to any sexual abuse of the juror's sister, but was "in trouble" with regard to other children around the same time.

Defense counsel objected to the prosecutor's questions regarding the timing of disclosure, and the trial court excused the jury pool. Defense counsel argued that "those are the fact pattern of this particular matter" and that the prosecutor "basically elicited testimony from this juror to support the . . . prosecutor's theory of the case," which amounted to "actually prosecuting [defendant] through voir dire." Defense counsel urged that this was "inappropriate and quite frankly . . . grounds for a mistrial," and moved for a mistrial. The prosecutor responded that it was seeking out an impartial jury and was attempting to "determine whether or not these people have any biases" or "are gonna hold th[at] [delayed disclosure] against them [the witnesses] in this case." The trial court denied defendant's motion, noting that it would rather find out now whether a potential juror could not participate because of personal experience with delayed disclosure than have a juror determine that he or she could not do so during trial. Moreover, the trial court did not believe that the prosecutor sought any juror's commitments to prejudge anything.

When the jury returned to the courtroom, the prosecutor informed the jury that it would "hear evidence in this case that the victims . . . did not disclose what happened to them until much later in life. Is there anyone sitting here right now that says, wait, based on that I can't sit on the jury?" No potential juror responded in the affirmative. The prosecutor continued, "Can everyone agree, I'm not asking you to make a commitment at this point, can everyone agree to keep an open mind about that issue[]? And listen to the evidence as it's presented to you[?]" No juror responded in the negative. Upon defense counsel's peremptory challenge, the trial court excused both jurors who had revealed that they knew someone who had disclosed sexual abuse.

Prior to trial, the prosecution filed notices of intent to rely on evidence of other crimes under MRE 404(b), MCL 768.27, and MCL 768.27a, indicating that it intended to present witnesses who would testify that they were the victims of sexual assault by defendant. At trial, in addition to the testimony of the victims, police, and other witnesses, the prosecution presented numerous witnesses, pursuant to MCL 768.27a,[1] who testified to sexual abuse by defendant

---

[1] MCL 768.27a(1) provides in relevant part:

> . . . in a criminal case in which the defendant is accused of committing a listed offense[1] against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.

when they were children. The events to which these witnesses testified occurred at various points between 1956 and 1998. The witnesses ranged in age from 5 to 13 at the time of the abuse. None of the conduct to which the witnesses testified resulted in charges or convictions against defendant.

During closing arguments, the prosecution asked the jury to consider what ulterior motives the victims could have had for testifying as they did, and pointed out the consequences the victims had suffered for coming forward, such as the loss of their family support. The prosecution stated that "These are not kids that are making up lies about their adopted father" and during rebuttal stated that "those three girls that came up here and bared their souls to you were brave . . . and they told you the truth and it is compelling and it is true and proves this case beyond a reasonable doubt."

The jury convicted defendant as described above. This appeal followed.

## II. DENIAL OF MOTION FOR MISTRIAL

Defendant first argues that the trial court erred in denying his motion for a mistrial following discussion during voir dire regarding a potential juror's experience with a relative's delayed disclosure of abuse. We disagree. We review a trial court's decision on a motion for mistrial for an abuse of discretion, *People v Wood*, 307 Mich App 485, 504; 862 NW2d 7 (2014), which occurs when it reaches an outcome "outside the range of principled outcomes," *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). A mistrial should be granted only where the error is "so egregious that the prejudicial effect can be removed in no other way" than a mistrial. *People v Gonzales*, 193 Mich App 263, 266; 483 NW2d 458 (1992).

Criminal defendants have the right to be tried by a fair and impartial jury. *People v Orlewicz*, 293 Mich App 96, 105; 809 NW2d 194 (2011). Voir dire serves to "elicit sufficient information from prospective jurors to enable the trial court and counsel to determine who should be disqualified from service on the basis of an inability to render decisions impartially." *People v Sawyer*, 215 Mich App 183, 186; 545 NW2d 6 (1996). The trial court's discretion in conducting voir dire is "considerable . . . in both [its] scope and conduct." *People v Tyburski*, 445 Mich 606, 619; 518 NW2d 441 (1994).

Because this case involved delayed disclosure of sexual abuse, the prosecution's questioning of the jury pool regarding its experiences with delayed disclosure served the valid goal of "elicit[ing] sufficient information from prospective jurors to enable the trial court and counsel to determine who should be disqualified from service on the basis of an inability to render decisions impartially." *Sawyer*, 215 Mich App at 186; see also, e.g., *People v Dunham*, 220 Mich App 268, 270; 559 NW2d 360 (1996) (prosecutor's allegedly argumentative remarks during voir dire were properly designed to determine whether jurors prejudged credibility of child sexual abuse allegations). The trial court's denial of defendant's motion for a mistrial related to the delayed disclosure questions was consistent with the trial court's obligation to conduct a voir dire that was "sufficiently probing . . . to uncover potential juror bias." *Id*. at 187, quoting *Tyburski*, 445 Mich at 609. Accordingly, the trial court's denial of defendant's motion was not an abuse of discretion. *Wood*, 307 Mich App at 504.

Defense counsel further argues that the prosecution's questioning of the potential juror exposed the jurors to an extraneous influence and was grounds for a mistrial. We disagree. In deliberating, jurors may only consider the evidence presented to them in open court. *People v Budzyn*, 456 Mich 77, 88; 566 NW2d 229 (1997). To establish that exposure to extrinsic evidence requires reversal, a defendant must "prove that the jury was exposed to extraneous influences," which "created a real and substantial possibility that they could have affected the jury's verdict." *Id*. at 88-89. As discussed above, the voir dire discussion was related to delayed disclosure issues in this case. The potential juror's comments regarding her experiences with delayed disclosure arguably may have exposed the jury to extraneous influence, since, like the victims and other witnesses in this case, the potential juror's sister was sexually abused and disclosed her abuse years later when others alleged abuse, and thus the comments could have had an impact on the jury's perception of the prevalence of delayed disclosure of sexual abuse. However, even assuming such extraneous influence, defendant has not established that there was "a real and substantial possibility that [the exposure] could have affected the jury's verdict." *Id*. at 89. After the potential juror's exchange with the prosecutor, the prosecutor asked the jury pool whether it could "keep an open mind about th[e] issues" and "listen to the evidence as it's presented to you," to which no potential juror replied negatively. The record thus does not indicate that any juror prejudged the phenomena of delayed disclosure. Moreover, the trial court instructed the jury that it could consider "only the sworn testimony of witnesses, the exhibits admitted into evidence and anything else I told you to consider as evidence," but not "the lawyer's statements and arguments" or "questions to witnesses." Jurors are presumed to follow the trial court's instructions, *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011), and the jurors in this case are presumed to have relied only on the evidence presented to them in open court when they convicted defendant, *Budzyn*, 456 Mich at 88. During trial, the jury was presented with expert witness testimony concerning delayed disclosure of child sexual abuse. Assuming for the sake of argument that the jury was exposed to extraneous influence, in light of these other factors the exposure was not "so egregious that the prejudicial effect c[ould] be removed in no other way" than a mistrial. *Gonzales*, 193 Mich App at 266. Accordingly, the trial court's denial of defendant's motion for a mistrial did not fall "outside the range of principled outcomes," *Schaw*, 288 Mich App at 236, and was not an abuse of discretion, *Wood*, 307 Mich App at 504.

## III. OTHER ACTS TESTIMONY

Defendant next argues that he was denied a fair trial by the admission of the testimony of numerous witnesses who testified to his past acts of sexual misconduct under MCL 768.27a. Defendant did not object to the admission of this testimony at trial; this issue is thus unpreserved. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). We review unpreserved issues for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999).

MCL 768.27a(1) provides that "in a criminal case in which the defendant is accused of committing a [CSC] offense against a minor, evidence that the defendant committed another [CSC] offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a "supersedes" MRE 404(b), but evidence admitted under MCL 768.27a is subject to relevancy analysis under MRE 403. *People v Bywater*, ___ Mich App ___; ___ NW2d ___ (Docket No. 320338) (2014), slip op at 4; People *v Watkins*, 491 Mich

450, 476-477, 481; 818 NW2d 296 (2012). However, MCL 768.27a allows the admission of other acts evidence "to demonstrate the likelihood of a defendant's criminal sexual behavior toward other minors," i.e., for propensity purposes. *People v Buie*, 298 Mich App 50, 71; 825 NW2d 361 (2012) (quotation and citation omitted). Several considerations may nonetheless justify excluding MCL 768.27a evidence as unduly prejudicial, such as:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. This list of considerations is meant to be illustrative rather than exhaustive. [*Watkins*, 491 Mich at 487-488 (footnote omitted).]

The *Watkins* considerations support the admission of the MCL 768.27a evidence in this case. The acts to which witnesses testified under MCL 768.27a were similar to the acts underlying the charged offenses now at issue with regard to the ages of the victims, the victims' relation to defendant, the locations where the abuse took place, and the nature of the abuse. While the other acts took place across a span of over 50 years, some of them occurred just prior to the sexual abuse alleged by the victims in this case; further, "MCL 768.27a does not contain a temporal limitation, and the remoteness of the other act affects the weight of the evidence rather than its admissibility." *Bywater*, slip op at 5. The other acts testimony also established defendant's consistent, frequent abuse of young children and was thus highly probative of defendant's intent to engage in the charged conduct. *Id.*, slip op at 6. No intervening acts bore on the admissibility of the witnesses' testimony, nor does anything in the record call into question the reliability or veracity of the witnesses whose testimony was admitted under MCL 768.27a. Although there is never a need for evidence beyond the victims' testimony in a CSC case, see *People v Brantley*, 296 Mich App 546, 551; 823 NW2d 290 (2012) and MCL 750.520h, the testimony of the witnesses was helpful "to demonstrate the likelihood of [] defendant's criminal sexual behavior toward other minors," *Buie*, 298 Mich App at 71. The *Watkins* considerations thus support the conclusion that the challenged testimony was not unduly prejudicial. Additionally, none of the other MRE 403 considerations—confusion of the issues, misleading the jury, undue delay, waste of time, and needless presentation of cumulative evidence—preclude admission of the challenged testimony. Because the trial court properly admitted the challenged testimony under *Watkins* and MRE 403, defendant has not shown plain error affecting his substantial rights. *Carines*, 460 Mich at 774.

Because the trial court properly admitted the challenged testimony under MCL 768.27a, defense counsel was also not ineffective for failing to raise a "meritless argument or . . . futile objection." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

IV. INEFFECTIVE ASSISTANCE OF COUNSEL AND PROSECUTORIAL ERROR[2]

Defendant next argues that the prosecution erred by vouching for prosecution witnesses during closing argument and rebuttal, and that his trial counsel was ineffective for failing to objected to the prosecution's erroneous statements.[3] We disagree. Ineffective assistance of counsel is a mixed question of law and fact. *Strickland v Washington*, 466 US 668, 698; 104 S Ct 2052; 80 L Ed 2d 674 (1984). In reviewing a claim of ineffective assistance of counsel, we review the lower court's factual findings for clear error, if any, and review its ultimate application of law de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Because defendant did not move the trial court for a *Ginther*[4] hearing or new trial based on the ineffective assistance of counsel, our review is limited to mistakes apparent on the record. *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

Defendant refers this Court to the prosecution's statements during closing arguments, including a rhetorical question to the jury regarding what the victims stood to gain by testifying, and the prosecutor's statement that "they told you the truth and it is compelling and it is true." In the context of this argument, the prosecutor also referred to the victims as "brave." In order to determine the merit of defendant's ineffective assistance of counsel claim, it is necessary for us to first determine if those statements constituted prosecutorial error. We find that they did not.

When reviewing a claim of prosecutorial error, this Court "examine[s] the pertinent portion of the record and evaluate[s] a prosecutor's remarks in context." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003). The prosecution may argue from facts in evidence and reasonable inferences therefrom, *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995), and may argue based on those facts and inferences that a witness is credible or not credible, *People v Unger*, 278 Mich App 210, 240; 749 NW2d 272 (2008). However, the prosecution may not vouch for witness credibility by implying that it has "some special knowledge that the witnesses were testifying truthfully." *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). Had defense counsel preserved this issue for appeal by objecting to the prosecution's statements, we would have reviewed them de novo on appeal. *People v Pfaffle*, 246 Mich App 282, 288; 632 NW2d 162 (2001).

---

[2] Courts and litigants frequently have referred to claims such as that raised by defendant as "prosecutorial misconduct." This Court has recently stated that "the term 'misconduct' is more appropriately applied to those extreme . . . instances where a prosecutor's conduct violates the rules of professional conduct or constitutes illegal conduct," and concluded that claims "premised on the contention that the prosecutor made a technical or inadvertent error at trial" are "more fairly presented as claims of 'prosecutorial error.' " *People v Cooper*, ——Mich App —— ; —— NW2d —— (2015) (Docket No. 318159), slip op at 7 (citation omitted).

[3] Although defendant frames this issue as one of ineffective assistance of counsel rather than a direct allegation of prosecutorial error, his argument necessarily entails an examination of whether prosecutorial error occurred.

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Here, the prosecution's statements were drawn from facts established at trial and reasonable inferences therefrom. Each victim testified that she lost her family and home as a result of her disclosures, and the minor victims testified that they went to live at a youth home to which they did not wish to go. The prosecution drew reasonable inferences from these facts, *Unger*, 278 Mich App at 240, i.e., that the victims were "brave"[5] for testifying despite the personal cost of doing so; that none of them stood to gain anything from testifying about defendant's abuse; and that they had no motive to provide false testimony given the consequences they faced. The prosecution also relied on facts admitted into evidence and reasonable inferences therefrom that members of defendant's family knew about abuse allegations and kept them secret. In so arguing, the prosecution did not rely on any facts not admitted at trial, *Bahoda*, 448 Mich at 282, or imply possession of "some special knowledge that the witnesses were testifying truthfully," *Dobek*, 274 Mich App at 66. The prosecution therefore did not reversibly err in making those statements. *Id*. This is true whether we review the statements de novo as a preserved issue on appeal, *Pfaffle*, 246 Mich App at 288, or whether we review the statements as unpreserved and reviewed for plain error affecting substantial rights, *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008).

Because the comments discussed above did not constitute prosecutorial error, defense counsel's failure "to advance a meritless argument or raise a futile objection does not constitute ineffective assistance." *Ericksen*, 288 Mich App at 201.

Affirmed.

/s/ Mark T. Boonstra
/s/ William B. Murphy
/s/ Jane E. Markey

---

[5] Additionally, the characterization of the victims as "brave" was clearly the prosecutor's subjective opinion. The jurors were properly instructed that lawyers' statements are not evidence and to form their own opinions regarding witness credibility, and are presumed to have followed those instructions. *Mahone*, 294 Mich App at 212.