# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MATTHEW JAY WOOD,

      Defendant-Appellant.

UNPUBLISHED
October 19, 2017

No. 333944
Jackson Circuit Court
LC No. 15-005323-FC

---

Before: BOONSTRA, P.J., and METER and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his convictions following a jury trial of three counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a) & (2)(b);[1] one count of gross indecency, MCL 750.338b; and one count of second-degree criminal sexual conduct, MCL 750.520c(1)(a). He was sentenced as a second-offense habitual offender, MCL 769.10, to serve prison terms of 300 to 600 months for each of the CSC-I convictions, 30 to 90 months for the gross indecency conviction, and 120 to 270 months for the CSC-II conviction. We affirm.

The complainants in this case are defendant's two stepdaughters. Defendant argues that statements made by one of the complainants, admitted under the excited-utterance exception to the hearsay rule, were inadmissible. The decision to admit evidence is within the trial court's discretion and "will only be reversed where there has been a clear abuse of discretion." *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998), abrogation on other grounds recognized by *People v Knox*, 256 Mich App 175, 189; 662 NW2d 482 (2003), rev'd 469 Mich 502, 515 (2004). "A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes," *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007), and "it is an abuse of discretion to admit evidence that is inadmissible as a matter of law," *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). This Court reviews de novo any purely legal questions regarding admissibility. See *People v Mann*, 288 Mich App 114, 117; 792 NW2d 53 (2010).

---

[1] Subsection (2)(b) specifies the sentencing parameters under the facts of this case.

Hearsay is "an unsworn, out-of-court statement that is offered into evidence for the truth of the matter asserted." *People v Musser*, 494 Mich 337, 350; 835 NW2d 319 (2013) (citations and quotation marks omitted). Hearsay evidence "is generally prohibited and may only be admitted at trial if provided for in an exception to the hearsay rule." *People v Gursky*, 485 Mich 593, 606; 786 NW2d 579 (2010).

MRE 803(2) provides the excited-utterance exception to the hearsay rule, and allows "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." See also *People v Layher*, 238 Mich App 573, 582; 607 NW2d 91 (1999) aff'd 464 Mich 756 (2001). "While the time that passes between the event and the statement is important in determining whether the declarant was still under the stress of the excitement when the statement was made, the focus of the exception is on the declarant's lack of capacity to fabricate, not the lack of time to fabricate." *Id*. at 583 (citation and quotation marks omitted).

Defendant objected when a youth-group leader testified that the complainant had made statements indicating that defendant had touched her and her sibling inappropriately and that she wanted to protect her siblings. While the trial court has discretion in determining whether a declarant was still under the stress of a startling event when making a statement, *People v Green*, 313 Mich App 526, 536; 884 NW2d 838 (2015), in this case, there is no evidence that the complainant was still under the stress of the startling event, the abuse, when she made the statements at issue.

The prosecution claims that the complainant became hysterical and "spontaneously" disclosed the abuse, and that *People v Smith*, 456 Mich 543; 581 NW2d 654 (1998), supports the assertion that there was, therefore, no moment of reflection or possibility of fabrication. This reliance on *Smith* is misplaced. *Smith* indicates that, while "the time that passes between the event and the statement is an important factor to be considered in determining whether the declarant was still under the stress of the event when the statement was made, it is not dispositive. It is necessary to consider whether there was a plausible explanation for the delay." *Id*. at 551. *Smith* indicates that "a continuing level of stress arising from the [startling event] that precluded any possibility of fabrication" is enough to overcome a time lapse between the event and the excited utterance. *Id*. at 553. The Court in *Smith* stated that the "circumstances preceding and surrounding the statement convince us that the statement was made while the complainant was *still* under the overwhelming influence of the assault and, therefore, that the statement was reliable and admissible." *Id*. at 552 (emphasis added). The Court found the complainant's "actions upon arriving home [after the assault to be] extraordinary"; the complainant "took an hour-long bath and let the water run that entire time," "paced the living room . . . punching his fist into his hand," "uncharacteristically slept on the couch, . . . [and] appeared to have been crying" before making his statement regarding the assault. *Id*. Unlike the complainant in *Smith*, there was no suggestion that the complainant here was *still* under the "overwhelming influence of the assault" when she made the statements at issue. While the complainant was undoubtedly emotional as she disclosed her abuse, there is no suggestion that the "overwhelming influence" had lasted for the entire period, lasting years, between the time of the last assault and the disclosure. The *Smith* Court was clear that it was the *continuing* level of stress from the shocking event that precluded the possibility of fabrication. See *id*. at 553 ("[w]e agree with the trial court that these circumstances describe a *continuing* level of stress arising

from the assault that precluded any possibility of fabrication") (emphasis added). There is no suggestion that the stress in this case had continued unabated for the entirety of the time between the assault and the disclosure; therefore, to allow the admission of the complainant's statement to her youth-group leader under the excited-utterance exception was an abuse of discretion.[2]

The inquiry, however, does not end with the determination that the complainant's statements were admitted improperly. Inadmissible evidence that is cumulative of other evidence is generally harmless. *People v Matuszak*, 263 Mich App 42, 52; 687 NW2d 342 (2004); *People v Rodriquez (On Remand)*, 216 Mich App 329, 332; 549 NW2d 359 (1996). Here, the testimony from the youth-group leader largely corroborated the complainants' direct testimony. In *People v Gursky*, 486 Mich 596, 621; 786 NW2d 579 (2010), the Court explained that when the declarant also testifies and is subject to cross-examination, "the hearsay testimony is of less importance and less prejudicial." The complainants testified directly about the abuse,[3] and the youth-group leader's testimony largely corroborated the direct testimony. Therefore, any error in allowing the hearsay statements to be presented to the jury does not require reversal.

Defendant also argues that several statements made by one of the complainants about defendant's physical abuse were improperly admitted as other-acts evidence and that counsel was ineffective for failing to object to the testimony. Defendant did not preserve the ineffective-assistance argument by bringing a motion for a new trial or an evidentiary hearing below. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012) (2013). Moreover, this Court need not consider the ineffective-assistance issue because it was not stated in the questions presented for appeal. *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009).

In pertinent part, MRE 404(b) states:

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

---

[2] The Court in *Smith* indicated that the 10-hour lapse between the assault and the statement was "nearing the outer limits of admissibility under the excited utterance exception, and trial courts should be so cautioned." *Smith*, 456 Mich at 554, n 4.

[3] It is true that the youth-group leader testified that the complainant stated that her sister "has also been touched," whereas the sister testified only about defendant's having masturbated in front of her. Nevertheless, there is no prejudicial error requiring reversal because defendant was not charged with "touching" the sister but, with respect to the sister, was only charged for gross indecency, i.e., masturbating in front of her.

Similarly, MCL 768.27 provides:

> In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another prior or subsequent crime by the defendant.

This court, in *People v Ackerman*, 257 Mich App 434, 439-440; 669 NW2d 818 (2003), explained that

> other acts evidence may be admitted where: (1) the evidence is offered for some purpose other than under a character-to-conduct theory, or a propensity theory, (2) the evidence is relevant to a fact of consequence at trial, and (3) the trial court determines under MRE 403 that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. If requested, the trial court may provide a limiting instruction under MRE 105.

As a threshold matter, a review of the lower court record reveals that the prosecution did not file notice before trial that it intended to use other-acts evidence; however, defendant, in his appellate brief, only mentions the "notice" error in passing. The issue has been abandoned,[4] but we nonetheless find no merit to it.

The record reveals that defense counsel was aware, at the start of trial, of the possibility that defendant had been violent toward his family, and defendant has not demonstrated, or suggested, that he would have called another witness to testify or would have provided other evidence to counter the other-acts testimony had he known that plaintiff intended to introduce the testimony. Because defendant has not suggested that he would have proceeded differently with proper notice, reversal is not warranted. See, e.g., *People v Dobek*, 274 Mich App 58, 87-88; 732 NW2d 546 (2007).

Turning to the substance of the evidence, the first prong in *Ackerman* requires the reviewing court to analyze whether the evidence was "offered for some purpose other than under a character-to-conduct theory, or a propensity theory[.]" *Ackerman*, 257 Mich App at 440. The prosecution claims it offered evidence of defendant's violence to show defendant's scheme, plan or system; it posits that his scheme was to threaten one of the complainants with physical

---

[4] "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). "Failure to brief a question on appeal is tantamount to abandoning it." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

violence if she would not cooperate with the sexual abuse. On its face, this was a proper purpose under MRE 404(b)(1).

With regard to *Ackerman's* second prong, MRE 401 states that " '[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence of a defendant's prior bad acts is relevant to explain a delay in reporting abuse. *People v Dunham*, 220 Mich App 268, 273; 559 NW2d 360 (1996). The challenged evidence was not offered to show that defendant had a bad character. Instead, its purpose was to explain why the complainant failed to report the abuse as it was occurring and instead "complied" with it; by essentially offering an explanation for the delay in reporting, it assisted the jury in weighing her credibility.

The last element involves the danger of unfair prejudice. *Ackerman*, 257 Mich App at 440. MRE 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403, then, does not prohibit prejudicial evidence, but only evidence that is unfairly so. See *People v Fisher*, 449 Mich 441, 451; 537 NW2d 577 (1995). This is due to the recognition that all evidence offered against a defendant is naturally prejudicial; "otherwise there would be no point in presenting it." *Id*.

In this case, the other-acts evidence was highly probative. The testimony that defendant had been violent toward the complainant and her siblings was presented as part of defendant's "plan"—the victim would comply with[5] the sexual abuse because she feared his violence. "[U]nfair prejudice refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *People v Pickens*, 446 Mich 298, 336-337; 521 NW2d 797 (1994) (quotation marks and citations omitted). The evidence of defendant's violence was relevant to a pertinent issue, and therefore it was not submitted to elicit the jury's bias, sympathy, anger, or shock. Thus, the evidence was not unfairly prejudicial, and it was not erroneous for the complainant to testify, briefly, about defendant's physical abuse. Moreover, because the other-acts evidence was admissible, defense counsel could not have been ineffective for failing object; there is no requirement that counsel make a meritless objection. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Finally, in a Standard 4 Brief submitted pursuant to Administrative Order 2004-6, defendant argues that there was insufficient evidence to support his convictions. "The sufficient evidence requirement is a part of every criminal defendant's due process rights." *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748, amended on other grounds 441 Mich 1201 (1992). "[W]hen determining whether sufficient evidence has been presented to sustain a conviction, a

---

[5] One of the complainants testified that she did not tell defendant "no" because he would threaten her with violence. Another complainant said that she did not tell anyone about an incident because defendant threatened to hurt her mother if she did so.

court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *Id*. at 515. As a threshold matter, a witness's credibility and the weight accorded to evidence are questions for the jury, and any conflict in the evidence must be resolved in the prosecution's favor. *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999). In addition, "[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993). Finally, a reviewing court must draw all reasonable inferences in support of the jury's verdict. *People v Bulls*, 262 Mich App 618, 623-624; 687 NW2d 159 (2004).

Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to establish defendant's guilt of CSC-I. "The elements of CSC-I under MCL 750.520b(1)(a) are that (1) the defendant engaged in sexual penetration with another person and (2) the other person was under 13 years of age." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). " 'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . .' " MCL 750.520a(r). The testimony of one of the complainants that, on multiple occasions, she awoke to defendant penetrating her vagina with his hand, and her testimony that he made her perform fellatio on him, established the elements of CSC-I for two of the charged counts.

The lower-court record (including the trial court's instructions, the prosecutor's arguments, and the verdict form itself) reveals that the third count was *specifically* based on "oral/vaginal" penetration, i.e., cunnilingus. Admittedly, the evidence with regard to this count was confusing. The complainant testified that she could not remember defendant's ever having done anything to her with his mouth. The prosecutor then attempted to refresh her recollection with the transcript from the preliminary examination. Subsequently, after further questioning by the prosecutor, the complainant stated that defendant's penis had touched her vagina. The complainant then testified about touching defendant with her mouth but did not in fact testify about defendant's having performing cunnilingus on her.[6] However, on cross-examination, the following colloquy occurred between defense counsel and the complainant:

---

[6] The following colloquy occurred between the prosecutor and the complainant after the attempt to refresh the complainant's recollection:

> *Q*. Okay. What part of his body touched you?
>
> *A*. His penis.
>
> *Q*. And where did it touch you at?
>
> *A*. Vagina.
>
> *Q*. Do you know where that happened?

*Q.* Today you didn't remember either about mouth on a vagina episode. You didn't remember that, you said it didn't happen, correct?

*A.* Correct.

*Q.* Then you read something in a preliminary exam and you changed your mind. Did that actually refresh your memory or are you just reading off a piece of paper?

*A.* It refreshed my memory.

*Q.* Okay. So when you -- when that question was asked to you today you honestly didn't remember that?

*A.* I honestly didn't.

*Q.* Okay. *Now you honestly do remember that*?

*A. Yes.*

The cross-examination testimony adequately established that cunnilingus occurred and therefore the third count of CSC-I was supported.

There was also sufficient evidence to establish defendant's guilt on the count of CSC-II. For this conviction, the prosecution had to prove that defendant engaged in sexual contact with a person who was under thirteen years of age. MCL 750.520c(1)(a). "Sexual contact" is defined, in part, as intentional touching of intimate parts of the victim or actor that can "reasonably be construed as being for the purpose of sexual arousal or gratification . . . ." MCL 750.520a(q). The testimony of one of the complainants regarding an incident in the garage, where defendant forced her to touch his penis, established the elements of CSC-II.

Finally, there was sufficient evidence to establish defendant's guilt on the count of gross indecency. A complainant testified that defendant woke her up and masturbated next to her in bed. See, generally, *People v Lino*, 447 Mich 567; 527 NW2d 343 (1994).

---

*A.* His bedroom.

*Q.* Would that have been the same time or a different time that he made you touch his penis with your mouth?

*A.* The same time.

*Q.* Okay. Did him touching you with *your* mouth happen more than once or just once?

*A.* I can only remember a few times. [Emphasis added.]

Defendant also argues that allowing the victims to testify was prejudicial and denied him his Sixth Amendment right to confront witnesses. In *United States v Owens*, 484 US 554, 559; 108 S Ct 838; 98 L Ed 2nd 951 (1986), the Court made clear that "[t]he Confrontation Clause guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." (Quotation marks and citations omitted.) Defendant not only had "an *opportunity* for effective cross-examination" *id.*, he also *exercised* the opportunity. There simply was no confrontation-clause violation.

Defendant also seems to argue that allowing the complaining witnesses to testify, without supplying physical evidence or specific dates to corroborate their stories, prejudiced his defense. This argument is also without merit. Defendant is correct in asserting that this case is essentially a credibility contest, but that fact does not make the complaining witnesses' testimony prejudicial and therefore inadmissible as defendant claims. As a threshold matter, the testimony of a victim in a CSC case does not require corroboration. MCL 750.520h. And, contrary to defendant's assertions, the exact date of a sexual-assault offense need not be specified or proven. *People v Watson*, 245 Mich App 572, 588-589; 629 NW2d 411 (2001).

"Under Michigan's rules of evidence, all logically relevant evidence is admissible at trial, except as otherwise prohibited by the state or federal constitutions or other court rules." *Ackerman*, 257 Mich App at 439. MRE 401 states: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The complaining witnesses' testimony was clearly relevant; it detailed the specific instances of abuse even though only general timeframes were provided. The probative value of this relevant evidence was not substantially outweighed by the danger of unfair prejudice because the evidence did not create an "undue tendency" in the jury to decide the case "on an improper basis . . . ." *People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995).

Defendant does not allege that the testimony was prejudicial for any particular reason. It seems he is arguing that it should have been excluded because it was used against him and there was no physical evidence to corroborate it. The lack of physical evidence went to the weight the jury gave the presented testimony, not to admissibility. Defendant's claim that the testimony was improperly admitted fails.

Affirmed.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Michael F. Gadola